United States District Court
Southern District of Texas
**ENTERED**
September 25, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 3:24-cr-00005-1 |
| | § | |
| DAVID MICHAEL METCALF | § | |

## ORDER

Defendant is charged by indictment with distribution of child pornography. On March 18, 2024, I held a detention hearing. At the conclusion of that hearing, I found that there was clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. In my written findings, I specifically noted:

> [Defendant] is a danger to the community. Not only is the evidence strong that he shared and received child pornography, but I am genuinely concerned about (1) his taking photos at playgrounds/parks; and (2) his discussions with undercover officers about his sexual interest in an 11-year old child. I am worried that no conditions I impose will alleviate the real risk to the community. Detention is appropriate.

Dkt. 13 at 3.

Defendant now argues that he should be released because conditions have changed since his March 18, 2024 detention hearing. His lawyer states that:

> In the months since the hearing, [Defendant] has re-strengthen[ed] his relationship with his wife and his church. His wife sold their home and assured counsel that they have enough to live off [of]. His wife also indicates that she and [Defendant] have received an outpouring . . . of support from the church who could also assist emotionally, financially, and spiritually if released.

Dkt. 18 at 2. Defendant asserts that he "has also met with and been evaluated by Dr. Gerald Harris," who recommends that he "receive mental health treatment," including "intensive psychotherapy." *Id.*

A district court may reopen the issue of detention at any time before trial if the court finds that information exists that: (1) "was not known to the movant at

the time of the hearing" and (2) "has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). "New and material information for purposes of § 3142(f)(2)(B) consists of truly changed circumstances, something unexpected, or a significant event, and courts have interpreted the requirements of this provision strictly." *United States v. King*, No. 3:20-cr-242-S, 2020 WL 6731015, at *2 (N.D. Tex. Oct. 16, 2020) (quotation omitted). In a nutshell, Defendant does not get a second bite at the detention hearing unless there is a legitimate reason for not having initially presented the evidence to the court.

For the sake of argument, I will assume that all the evidence proffered by Defendant, as recounted above, in support for his request to reopen the matter of detention is new. Even so, the evidence has no material bearing on the issue of dangerousness. I originally detained Defendant because I was genuinely concerned that he would attempt to act on his sexual interest in children. In ordering Defendant detained pending trial, I stated that I had no confidence that any conditions of release would alleviate this terrifying risk.

Taken as true, the fact that Defendant "has re-strengthen[ed] his relationship with his wife and his church," Dkt. 18 at 2, does not ameliorate the risk that Defendant poses to society. Although Defendant insists that he needs intensive psychotherapy, his medical needs "would not typically factor into an analysis of whether to reopen detention under 18 U.S.C. § 3142(f)(2), which focuses on whether conditions can be set that reasonably assure the safety of the community and the defendant's appearance in court." *United States v. Sanmiguel*, No. 3:19-cr-630-B, 2020 WL 3036636, at *2 (N.D. Tex. June 5, 2020). I am sensitive to Defendant's need to obtain appropriate medical care, and I am willing to do what I can to see that he receives such treatment while in custody. Allowing Defendant to re-enter society before trial to seek therapy, however, presents an unacceptable risk to the community at large. That is a path I am unwilling to take.

In sum, Defendant has not offered material information warranting the reopening of his detention hearing under § 3142(f)(2)(B). I thus order that Defendant remain in custody pending the trial of this case.

SIGNED this ___25__ day of September 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE